UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,                                              Case 2:08-cr-20585-GER-DAS

     v.

PETER HENDRICKSON,                          VIO: 26 U.S.C. 7206(1)


DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE DEFENDANT'S PRIOR CONVICTIONS AND
PRIOR CRIMINAL CONDUCT AND CORRESPONDENCE
WITH A STATE AGENCY

     For the reasons set forth more fully in the brief submitted herewith in support of this

motion, Defendant Peter Hendrickson, by and through counsel, requests that the government be

precluded from raising at trial any of the issues described in the brief.

     Respectfully submitted,


     _____/s/_____
     Mark Lane
     Counsel for the Defendant
     4 Old Farm Road
     Charlottesville, VA 22903
     Tel:   (434) 293-2349
     Fax:   (434) 293-9013
     Mlane777@cs.com


Dated:  August 28, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,                                        Case 2:08-cr-20585-GER-DAS

    v.

PETER HENDRICKSON,                         VIO: 26 U.S.C. 7206(1)


DEFENDANT'S MEMORANDUM IN SUPPORT OF
THE MOTION IN LIMINE
TO EXCLUDE DEFENDANT'S PRIOR CONVICTIONS AND
PRIOR CRIMINAL CONDUCT AND CORRESPONDENCE
WITH A STATE AGENCY

FACTUAL BACKGROUND

        The government has filed a notice of intent to introduce evidence under F.R.E.

404(b).  It intends to offer evidence regarding the defendant's previous conviction during 1991,

asserting that his conduct there is inextricably linked to the issues in this case.  The government

also wishes to introduce defendant's correspondence with a state agency and the documents

involved in that matter.  In fact, the government, finding itself in a difficult and embarrassing

position, is trying to extricate itself by introducing evidence so prejudicial and so unrelated to

any issue in this case that it would deny to the defendant a fair trial.

        Very likely the defendant was indicted due to the fact that he had published a book

entitled "Cracking the Code," twelve years after the conviction and that the government "began

to observe taxpayers filing form 1040 tax returns which reported 'zero' or no income."  That

statement was made by Shauna Henline, "a Technical Advisor for the Frivolous Return program

at the IRS's Ogden Compliance Services campus in Ogden, Utah." Ms Henline submitted a Declaration with that information under oath in a civil action brought by the government against Mr. Hendrickson in the United States District Court, Eastern District of Michigan, Southern Division. Her declaration was executed on May 19, 2006.

The government was embarrassed because the special division it had established to look into frivolous returns had apparently looked into Mr. Hendrickson's returns for two years and had sent refunds to him. Mr. Hendrickson had made no fraudulent statement in his application. He utilized the form provided by the IRS and informed the IRS that taxes had been withheld and that it was his belief that they should be returned to him.

Rather than try this case on the merits, the government wishes to so demonize the defendant that the jury will be unable to separate the facts surrounding a previous conviction from the underlying issue in this case and to confuse the jury with irrelevant state agency correspondence.

Should the Court permit the government to present evidence of this highly prejudicial episode, one that bears no relationship to the evolved concept applied by Mr. Hendrickson almost two decades later, it would require the trial of three cases. The government wishes to show a vast amount of information to the jury regarding an event that took place on April 16, 1991, nearly two decades ago.

While the defendant did plead guilty, the evidence reveals that he had withdrawn from the conspiracy to place the little devise, about the size of a tea bag, which primarily gave off smoke. The evidence will show that Mr. Hendrickson agreed to plead guilty because the government had threatened to indict his wife. The evidence will show that Mr. Hendrickson cooperated with the government by providing information against the person who was

responsible for the smoke bomb.  The evidence will show that the small smoke bomb was part of

a demonstration at which dozens of people were present when the act was committed.  For that

evidence to be presented to a jury in this case, a great deal of time will be required by both the

government and the defendant.  The defendant alone will be required to place approximately one

dozen witnesses on the stand.  On the other hand, counsel for the Department of Justice, Mark F.

Daly, the trial attorney in this case, has informed Mr. Lane, counsel for Mr. Hendrickson, that he

expects the case to last a very short period of time.  In other words, it appears that more time will

be spent, and therefore more emphasis placed, upon an irrelevant and highly prejudicial act,

which occurred long ago and which represents nothing regarding the defendant's position

regarding tax law for the entire relevant period for this case.

In short, the government wishes to extricate itself from its embarrassing position by

trying a case different from the one set forth in the indictment.  However, a reasonable observer

can easily distinguish between any position that Mr. Hendrickson might have taken in 1991 and

the position that he has taken since then.  His book, "Cracking the Code," published in 2003,

begins:

> Let's get this said loud and clear right at the outset:  IF YOU HAVE TAXABLE
> INCOME, YOU ARE SUBJECT TO THE INCOME TAX.  Section 1(a) of the
> Internal Revenue Code says: "there is hereby imposed a taxable income of … [a
> tax of varying percentages]."

### The Law

Pursuant to Federal Rule of Evidence Rule 404(b), evidence of a defendant's prior bad

acts is inadmissible for propensity purposes. However, such evidence may be admissible "as

proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of

mistake or accident." Fed. R. Evid. 404(b).  Prior to admitting Rule 404(b) evidence, the district

court must: (1) make a preliminary finding as to whether sufficient evidence exists that the prior act occurred; (2) determine that the other act is admissible for one of the proper purposes outlined in Rule 404(b); and (3) apply Rule 403 balancing to determine whether the evidence's probative value is substantially outweighed by the danger of unfair prejudice or the other concerns embodied in Rule 403. *United States v. Mack,* 258 F.3d 548, 553 (6th Cir. 2001).

In addition to being offered for a proper purpose, to be admissible under Rule 404(b) a prior bad act must be "substantially similar and reasonably near in time to the offenses for which the defendant is being tried." *United States v. Carney,* 387 F.3d 436, 451 (6th Cir. 2004).

In an overt attempt to inflame the jury, the government attempts to introduce a conspiracy regarding a tax protest and the willful failure to file a return. The present case regards solely the filing of a false statement. A tax protest and a complete failure to file cannot meet the "substantially similar" requirement, when the prior bad acts evidence is being offered for the purpose of showing intent, since they are not sufficiently analogous to support an inference of criminal intent since the defendant has filed a statement in this case. *United States v. Benton,* 852 F.2d 1456, 1468 (6th Cir. 1988). There simply is no logical nexus linking the prior conviction evidence to the proposition the government claims the evidence tends to prove. Because the evidence is not relevant to prove the proposition for which it was offered, it cannot be admitted. More importantly, the previous conviction flows from an act nearly two decades ago. Although there is no set cut-off point in the rule, the further back in time that the acts were committed makes it less likely that they will met the threshold to allow admission. Counsel is unaware of any ruling in this circuit that has allowed a prior conviction of this length to be determined "reasonably near." *Carney,* 387 F.3d 436, at 451.

The defendant's conviction should not be admitted because the nearly two decade gap between it and the current charge renders it too temporally remote.

Next, it is necessary to consider whether the defendant's prior conviction is rendered inadmissible by the considerations set forth in Federal Rule of Evidence 403. *See Mack,* 258 F.3d at 553. Pursuant to Rule 403, a prior bad act that complies with Rule 404(b) is admissible unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. A quick perusal of the government's "factual background" in its Notice of Intent shows the grave risk of prejudice that would occur if the defendant's prior conviction is admitted. According to the government, the defendant "participated in the preparation of a destructive device… as a form of violent anti-tax protest. A postal employee was injured by the devise." Government's Notice of Intent to Introduce Evidence Under FRE 404(b), p.2. One can imagine the rhetoric that would flow to a jury, inflaming their imaginations with images of an Oklahoma City- type bombing. The jurors would hear the word "bomb" and nothing else would register except the images of death and destruction that did not occur in that case. Defense cannot think of anything more inflammatory with the danger of unfair prejudice, confusion of the issues, and the misleading of the jury than the introduction of this extremely remote conviction. Combined with the vast remoteness of the conviction, this evidence should not be admitted under a fair balancing required by the rule.

Further, evidence of his prior conviction would be unnecessarily cumulative. As the Seventh Circuit has explained: "Evidence is 'cumulative' when it adds very little to the probative force of the other evidence in the case, so that if it were admitted its contribution to the determination of truth would be outweighed by its contribution to the length of the trial, with all

6

the potential for confusion, as well as prejudice to other litigants, who must wait longer for their

trial, that a long trial creates. *United States v. Williams,* 81 F.3d 1434, 1443 (7th Cir. 1996).

This case is very specific and uncomplicated. The defendant is charged with submitting

false documents. The government is attempting to obfuscate the determination of the truth of

defendant's action by cloaking it in extraneous, unrelated tales of decades past. Indeed, by

allowing the admission of the previous conviction, this trial would actually become two trials.

One, straight forward and on the facts regarding the filing of false documents; the other a circus

of inflammatory rhetoric that would involve many more witnesses and the presentation of more

extensive evidence than for the matter on which the defendant was indicted. The potential for

confusion of the jurors is alarmingly high since the instant matter would be obscured by the trial

of the past conviction.

Given the length of this trial should the prior conviction testimony be admitted, there

would be obvious prejudice to other litigants, who must wait longer for their trial.

Further, no prejudicial effect resulting from the admission of such prior bad acts evidence

may be reduced by the use of a strong cautionary instruction pursuant to Federal Rule of

Evidence 105. There would be no way for a jury to compartmentalize the testimony of a "violent

anti-tax protest," in the government's own words, to a non-violent submission of a purportedly

false document.

Regarding the second issue raised by the Government, the defendant, through counsel,

replies that the effort to transform a series of hearsay letters and opinions from a state agency

about a state tax issue into "evidence of other crimes, wrongs or acts" is an effort to extend Rule

404(b) into something the rule never contemplated. It too would create prejudice and confusion

and would introduce a sub-trial about all of the irrelevant rulings and documents the state agency

considered.  The government wishes to introduce into a case alleging false filing in a federal case those irrelevant conclusions of a state agency.  If permitted, it would require a response by the defendant, including proof that the state never collected any sum and apparently eventually backed away each time the defendant asserted a legal argument.  In other words, there could be a sub-trial even longer than the time the government had projected for the trial of the relevant issues.  Again, admission of these issues would be so possessed of a propensity to prejudice as to outweigh any arguably probative value.

For all of the foregoing reasons, defendant respectfully requests that his prior conviction and prior criminal conduct not be admitted for a proper purpose under Rule 404(b) and that its probative value was not substantially outweighed by the considerations set forth in Rule 403 and that the government be precluded from raising at trial any of the issues discussed and described herein.  The defendant further respectfully requests that correspondence and filings with a state agency and documents related to that issue not be admitted and that the government be precluded from raising at trial any of those issues discussed and described herein.

In ruling upon this Motion in Limine, the defendant requests that this Court conduct its Rule 404 and 403 balancing on the record.

Respectfully submitted,

_____/s/_____
Mark Lane
Counsel for the Defendant
4 Old Farm Road
Charlottesville, VA 22903
Tel:    (434) 293-2349
Fax:    (434) 293-9013
Mlane777@cs.com

Dated:  August 28, 2009

<u>CERTIFICATE OF SERVICE</u>

  This is to certify that on August, 28, 2009, an original copy of the foregoing Defendant's Motion in Limine and Brief in Support therein was filed with the U.S. District Court for the Eastern District of Michigan and served on counsel for the government by filing the same with the Electronic Case Filing system.

        _____/s/_____

        Mark Lane
        Trial Attorney