UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.                      Case 2:08-cr-20585-GER-DAS

PETER HENDRICKSON,
    Defendant                 VIO: 26 U.S.C. 7206(1)

DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE THE 2006 CIVIL ACTION AND
FORMS 1040 FOR 2005 AND 2006
AS SET FORTH IN THE GOVERNMENT'S SUPPLEMENTAL NOTICE
DATED JUNE 3, 2009

    For the reasons set forth more fully in the memorandum submitted herewith in support of this motion, Defendant Peter Hendrickson, by and through counsel, requests that the government be precluded from raising at trial any of the issues described in the memorandum.

                                       Respectfully submitted,

                                       _____/s/_____
                                       Mark Lane
                                       Counsel for the Defendant
                                       4 Old Farm Road
                                       Charlottesville, VA 22903
                                       Tel: (434) 293-2349
                                       Fax: (434) 293-9013
                                       Mlane777@cs.com

Dated: September 1, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,                                    Case 2:08-cr-20585-GER-DAS

v.

PETER HENDRICKSON,                            VIO: 26 U.S.C. 7206(1)

DEFENDANT'S MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE THE 2006 CIVIL ACTION AND
FORMS 1040 FOR 2005 AND 2006
AS SET FORTH IN THE GOVERNMENT'S SUPPLEMENTAL NOTICE
DATED JUNE 3, 2009

FACTUAL BACKGROUND

The government has filed a supplemental notice of intent to introduce evidence under F.R.E. 404(b). It intends to offer evidence regarding a civil case that was decided by the court after all of the circumstances set forth in the indictment had been concluded. In fact, the government, again finding itself in a difficult and embarrassing position, is trying to extricate itself by introducing evidence so prejudicial and so unrelated to any issue in this case that it would deny to the defendant a fair trial.

Very likely the defendant was indicted due to the fact that he had published a book entitled Cracking the Code, and that the government "began to observe taxpayers filing form 1040 tax returns which reported 'zero' or no income." That statement was made by Shauna Henline, "a Technical Advisor for the Frivolous Return program at the IRS's Ogden Compliance Services campus in Ogden, Utah." Ms. Henline submitted a Declaration with that information under oath in a civil action brought by the government against Mr. Hendrickson in the United States District Court, Eastern District of Michigan, Southern Division. Her declaration was executed on May 19, 2006.

2

The government was embarrassed because the special division it had established to look into frivolous returns had apparently looked into Mr. Hendrickson's returns for two years and had sent refunds to him. Mr. Hendrickson had made no fraudulent statement in his application. He utilized the form provided by the IRS and informed the IRS that funds had been withheld and that it was his belief that they should be returned to him.

Rather than try this case on the merits, the government wishes to introduce a civil judgment dated May 2, 2007, which was rendered after all of the acts alleged in the indictment had been allegedly committed.

Should the Court permit the government to present evidence of this highly prejudicial ruling by a court, it would require the trial of yet an additional case.

The evidence of a previous civil court ruling bears no relationship to any issue in this case. It can be contended that the defendant had a different concept of the law from that advocated by the government, and even allegedly endorsed by some court rulings. The defendant does not assert that no one is obligated to pay income tax. In fact, in his book, Cracking the Code, the defendant asserts at the very outset:

> Let's get this said loud and clear right at the outset: IF YOU HAVE TAXABLE INCOME, YOU ARE SUBJECT TO THE INCOME TAX. Section 1(a) of the Internal Revenue Code says: "there is hereby imposed a taxable income of … [a tax of varying percentages]."

The government apparently takes the position that a Complaint in a civil case against the defendant proved that "he was on notice that his legal theory was without foundation." Actually, the Complaint set forth the government's then current position regarding his analysis of the law. Clearly, Mr. Hendrickson understood that the government did not agree with him regarding his evaluation, which is no doubt the reason that the government did not refund sums which had been withheld from

him for some years, after first refunding sums which had been withheld from him for some years. The Complaint appeared to present the government's view as to why the withheld funds should not be refunded, but did not explain why previously the government had refunded withheld funds. In any event, the documents which the government seeks to introduce would create a subtrial in which the defendant would be obligated to call a number of witnesses and offer substantial testimony and evidence. That subtrial, as is the case with the other three subtrials that the government is proposing, would each take longer to try than would the government's case based upon allegations contained in the indictment. It would focus the attention of the jury upon extraneous and prejudicial issues and prevent the jurors from examining the evidence submitted to them based upon the charges set forth in the indictment.

Similarly, the introduction of allegedly false Forms 1040s for the calendar years 2005 and 2006 are extraneous, highly prejudicial and would result in yet another subtrial if the defendant is required to respond to that evidence. The government apparently neglected to seek an indictment for the filings of the allegedly false forms, although it now claims that the filing of those forms constituted criminal violations of 26 USC Section 7206(1). If the government thought that the filing of those forms was criminal, it could have sought an indictment for those alleged crimes at the outset, or it could have sought a superseding indictment. Instead, it seeks to muddy the waters in the trial of the returned indictment by making charges of criminal conduct for which the defendant has not been indicted, further obfuscating the charges in the indictment and further distracting the jury from the very simple accusations set forth in the indictment.

If the government's efforts to cause four subtrials are permitted, a case which might have been concluded in three or four days, according to the estimate of the Department of Justice trial counsel for this case, likely will take more than a month.

Most of the witnesses on the witness list submitted by the defendant to the government on this

date are witnesses who will be called to refute the evidence which the government wishes to offer about acts, opinions, documents and other evidence not referred to or comprehended in the indictment.

In spite of sound cautionary instructions which this Court would likely give to the jury, the mere weight of the case in terms of time spent and documents produced would prevent the jury from meeting its appropriate task of focusing upon the charges set forth in the indictment.

For the evidence the government wishes to present to a jury in this case, a great deal of time will be required by both the government and the defendant. The defendant alone will be required to place many witnesses on the stand. On the other hand, counsel for the Department of Justice, Mark F. Daly, the trial attorney in this case, has informed Mr. Lane, counsel for Mr. Hendrickson, that he expects the case to last a very short period of time. In other words, it appears that more time will be spent, and therefore more emphasis placed, upon irrelevant and highly prejudicial sets of circumstances, which occurred after most of the events alleged in the indictment had taken place or two decades before. In short, the government wishes to extricate itself from its embarrassing position by trying a case different from the one set forth in the indictment.

For all of the foregoing reasons, defendant respectfully requests that his prior conviction and prior alleged criminal conduct not be admitted for a proper purpose under Rule 404(b) and that its probative value was not substantially outweighed by the considerations set forth in Rule 403 and that the government be precluded from raising at trial any of the extraneous issues discussed and described herein and in the previous motion in limine filed on August 28, 2009. The defendant further respectfully requests that correspondence and filings with a state agency and documents related to that issue not be admitted and that the government be precluded from raising at trial any of the issues discussed and described in the motion filed on August 28, 2009, and in this memorandum including documents regarding a civil case and 1040 forms for which no indictment was returned.

In short, the defendant respectfully requests that the Court direct the government to restrict the

5

presentation of its evidence at trial, as well as allegations to be made in the opening statement by the government, to the confines of the accusations clearly set forth in the indictment which has been returned, rather than wander into allegations which apparently have not even been presented to the Grand Jury in obtaining the indictment of this case.

In ruling upon this Motion in Limine, the defendant requests that this Court conduct its Rule 404 and 403 balancing on the record.

                                                  Respectfully submitted,

                                                  _____/s/_____
                                                  Mark Lane
                                                  Counsel for the Defendant
                                                  4 Old Farm Road
                                                  Charlottesville, VA 22903
                                                  Tel: (434) 293-2349
                                                  Fax: (434) 293-9013
                                                  Mlane777@cs.com

Dated: September 1, 2009

CERTIFICATE OF SERVICE

This is to certify that on September 1, 2009, an original copy of the foregoing Defendant's Motion in Limine and Memorandum in Support therein was filed with the U.S. District Court for the Eastern District of Michigan and served on counsel for the government by filing the same with the Electronic Case Filing system.

_____/s/_____

Mark Lane
Trial Attorney