UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
      Plaintiff,

      v.                             Case 2:08-cr-20585-GER-DAS

PETER HENDRICKSON,
      Defendant                  VIO: 26 U.S.C. 7206(1)

## DEFENDANT'S MOTION TO PRECLUDE THE TESTIMONY OF GOVERNMENT WITNESSES

For the reasons set forth more fully in the Brief submitted herewith in support of this Motion, Defendant Peter Hendrickson, by and through undersigned counsel, requests that the government be precluded from calling as witnesses at trial Ching Mei Chung, referred to in government's list of probable witnesses as "Mei Chung," and Paul Crowley, a proposed government witness whose name was first submitted to the defendant on September 4, 2009, three days after the last day ordered by the Court for the exchange of witnesses.

In addition, for reasons more fully set forth in the Brief, the defendant requests that the testimony of all IRS employees listed as witnesses be precluded since permitting any of them to testify would violate the Sixth Amendment Confrontation Clause of the United States Constitution as commanded by the Supreme Court in *Melendez-Diaz.*

Further, the Defendant seeks to preclude the testimony of Larry Bodoh, Kim Halbrook and Warren Rose since it appears that they may seek to produce evidence of which they do not have personal knowledge in violation of the Sixth Amendment Confrontation Clause as interpreted and explained by the United States Supreme Court.

Further the defendant seeks to preclude the testimony of Elizabeth Chaney and Michael O'Hara, should the Court grant Defendant's motion in limine and should the Court not grant that motion the Defendant seeks to preclude testimony to which they do not have personal, factual knowledge, in accordance with *Melendez-Diaz.*

Respectfully submitted,

_____/s/_____

Mark Lane
Counsel for the Defendant
4 Old Farm Road
Charlottesville, VA 22903
Tel: (434) 293-2349
Fax: (434) 293-9013
Mlane777@cs.com

Dated: September 9, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,                                    Case 2:08-cr-20585-GER-DAS

     v.

PETER HENDRICKSON,                            VIO: 26 U.S.C. 7206(1)

DEFENDANT'S BRIEF IN SUPPORT OF
DEFENDANT'S MOTION TO PRECLUDE THE
TESTIMONY OF GOVERNMENT WITNESSES

Brief Summary:

The government failed to meet its obligation set forth by the Order of this Court to timely

provide to the Defendant the names of an expert witness [Ching Mei Chung] and another witness

[Paul Crowley].

Further, based upon the Sixth Amendment Confrontation Clause of the United States

Constitution as recently interpreted by the Supreme Court of the United States in *Melendez-Diaz v.*

*Massachusetts*, both Ms. Chung and Mr. Crowley, along with all of the other witnesses listed by the

government should be precluded from testifying.

In addition, witnesses submitted by the government would testify to subjects that the Court

may preclude as requested by the Defendant in its Motion in Limine previously filed.

<u>LIST OF AUTHORITIES</u>

- Order of this Court dated June 24, 2009

- *Melendez-Diaz v. Massachusetts*, 557 U.S. ___ (2009)

- *Crawford v. Washington*, 541 U.S. 36 (2004)

FACTUAL BACKGROUND

A hearing was held by the Court on May 14, 2009, during which the issue of the testimony of Ching Mei Chung as an expert for the government was discussed.  Government counsel stated in reference to the expert and her report that it had not been provided to the Defendant, "The reason that the – we're not going to give the report is because we don't have it. There is no report yet. She has been a person we may use and may give information to as an expert should we need it. But at the moment, that decision hasn't been made."  [Transcript, May 14, 2009, page 6]

The Court inquired, "There is no report?" and the government confirmed that fact. [Tr. 7] The Court inquired further, "And you're not sure you're going to use an expert… is that right?" [Ibid] When asked by the Court when the decision to call an expert would be made, the government said, "within a month of trial." [Ibid] The Court ruled, "That's not enough time, Mr. Leibson, because if the Government is going to use an expert, I'm sure the defendant will." [Ibid.] The Court concluded the colloquy by stating, "I'm going to set a date in the scheduling order when the parties have to disclose their experts. [Tr. 8]   The government provided to counsel for the Defendant a copy of Ms. Chung's Curriculum Vitae (CV) which stated that she had served "as a tax law and accounting expert" during various investigations.  In her CV Ms. Chung referred to herself as "Ching Mei Chung."

On June 24, 2009, the Court, likely aware of the fact that the government had not yet identified any expert it was going to call and had not provided any expert's report to the Defendant, issued a scheduling order as the Court had said it would. In pertinent part it stated:

> **"Expert witness names and materials** regarding the identified expert(s)
>
> must be provided by the government to defense counsel on or before
>
> August 15, 2009."

The government did not provide to the Defendant the name of an expert it was going to call on or before August 15, 2009. The government has not provided any expert report to the Defendant.

It was not until September 1, 2009, that the government notified the defendant through counsel that Mei Chung was a potential government witness. That notification was provided through a document filed by the government but was stricken with an instruction to refile. The notification has not been refiled.

The government did not notify the defendant through counsel on or before August 15, 2009, that it was going to call any expert witness nor did it provide any material to the defendant, such as, for example, the basis of a proposed expert opinion. The government, in fact, provided no document except for the heretofore mentioned one page CV.

In the order of June 24, 2009, the Court directed that witness lists must be exchanged on or before September 1, 2009 (Order of the Court, page 2, paragraph C). The defendant, through counsel, submitted a witness list to the government in a timely fashion on September 1, 2009. On September 1, 2009, at 10:15:55 PM, the government incorrectly filed a pleading containing the names of its proposed witnesses. However, that pleading was stricken with a "**NOTICE OF ERROR DIRECTED TO MARK DALY**" (document number 58 in this case), with a cautionary note that disciplinary action "will be imposed if errors continue to occur in this or any other cases" where Mr. Daly is listed as the attorney of record. Mr. Daly was ordered to refile the document in unambiguous language, "**Document must be refiled**." No list of potential witnesses has been refiled by the government. No list of potential witnesses, other than the copy received by counsel of the stricken pleading, has been served upon counsel in this case before September 4, 2009.

On September 4, Mr. Daly sent a letter to undersigned counsel, stating that he was not going to call Mr. John DePowell, who had been identified as a potential witness, but instead was going to call Paul Crowley as a potential witness. That the letter was written on September 2, 2009, but Mr. Daly had apparently failed to push the send button on his computer, or, as he explained it, he had "hit" the send button, but the email became "stuck in the purgatory of my outbox." Whatever the cause, the

letter was sent to undersigned counsel for the first time on September 4, 2009.

Counsel for the defendant had previously asked the government to produce as trial witnesses for the Defendant two IRS employees. In his reply, Mr. Daly said that the government had not agreed to produce two IRS employees at trial who were listed by the defendant as witnesses in this case. Undersigned counsel had requested that the government produce the IRS employees, and Mr. Daly responded that the government was considering that request.

## THE LAW IN THIS CASE

In this fact specific case regarding the obligations of the parties, the law of the case regarding the obligations of the government to provide information to the defendant is clearly and unambiguously set forth by the Court in its order of June 24, 2009. The Defendant believes he has complied with the orders of the Court in spite of the fact that he is a defendant in this case and that he has no obligation to present any evidence either documentary or through the testimony of witnesses, including himself.

It is not possible for a defendant to determine whether or not he will testify until the close of the government's case and a determination by the Court at that time regarding any dispositive motions that he may make through counsel. In this case particularly, it is difficult for the defendant to list potential witnesses since the government is seeking to present to the jury four separate subtrials regarding issues not referred to in the indictment.

Nevertheless, the Defendant has asserted that he intends to testify in this case and has so informed the government and has presented to the government a list of potential witnesses who might be called depending upon the state of the case at the time the government rests. The defendant, through counsel, has sent to the government the names of those witnesses, their occupations, the city and state in which they reside, and a brief summary of what each witness might state.

The Defendant has sent to the government, in a timely fashion, the names of all the witnesses he is considering as potential witnesses in this case and when Mr. Daly sought additional information, the following day that information was provided, even though it was a Saturday.

The Defendant believes that he has met his obligations to comply with the Order of the Court, in all respects.

The government has written to counsel for the Defendant but has failed or refused to provide information about the nature of the testimony of its proposed witnesses except to state that Ms. Chung will be a "summary" witness.

In addition, the defendant moves to preclude each of the witnesses listed by the government based upon the prevailing case law and other factors fully set forth below.

## I. The Proposed Testimony of Paul Crowley
## Should Be Precluded

Assuming that one accepts Mr. Daly's explanation as to why the email was not sent to counsel on September 2, as undersigned counsel does, the fact remains that had the letter been sent and delivered on September 2, 2009, naming for the first time yet another potential witness, Paul Crowley, it would have been untimely.

For the reasons set forth above, the defendant, through counsel, respectfully requests that the testimony of Paul Crowley be precluded since the government willfully violated the Order of the Court as to the date for the exchange of potential witnesses.

## II. The Proposed Testimony of Ching Mei Chung
## Should be Precluded

The name "Mei Chung" appeared on the document prepared by the government that was stricken in this case with the direction that it be refiled. It has not been refiled. Assuming that "Mei Chung" is the same person who identified herself on her CV as "Ching Mei Chung," she was first

proposed as someone being considered as an expert witness by the government, and is now being

offered by Mr. Daly, as he has characterized her testimony, as a "summary" witness (letter from Mark

F. Daly to Mark Lane, September 6, 2009).  It is not clear what Mr. Daly proposes that the witness

will testify to, but it appears that she will use her expertise to select various documents and testify to

the jury about those documents.   Since it appears that the witness has no independent first hand

knowledge, it appears that she can not be a fact witness, and that her role will be that of an expert

witness.

However, although cautioned by the Court on May 14, 2009, to notify the defendant in the

near future of any expert the government sought to call, and then ordered by the Court to provide the

name and materials to the defendant of any expert the government wishes to call on or before August

15, 2009, the government has failed or refused to meet that obligation.

For the reasons set forth above, the defendant respectfully requests that the Court preclude the

testimony of Ching Mei Chung.

Counsel for the defendant has written to Mr. Daly and requested that he withdraw as a

potential witness Paul Crowley since he was not named until September 4, 2009, and that he withdraw

Ching Mei Chung since she was not named on or before August 15, 2009, and that his refusal to do so

would result in this motion and a request for sanctions to compensate defendant for having been

required to file this motion.  Mr. Daly has refused to withdraw the witnesses.

It might be argued that the only timely witness document filed by the government in this case

in response to the Order of the Court was the one that was stricken with the direction that it be refiled,

that it has not been refiled and that, therefore, technically no valid document exists as to the timely

naming of any witness.  However, undersigned counsel is aware of the fact that the parties were not

ordered to file a pleading regarding proposed witnesses, but that they were ordered to *exchange* the

lists.  Counsel for the defendant had received a copy of the list before the document was stricken and

believes it would be unduly technical and contrary to logic to state that the list was, therefore, not "exchanged." The Court, of course, is empowered in this and in other matters, to act *sua sponte* if it believes that the interests of justice require it.

### III. The Testimony of All IRS Employees
### Should Be Precluded

In addition to the request to strike witnesses Ms. Chung as an expert because the government did not notify counsel by August 15, 2009, and to strike witness Paul Crowley because the government did not identify this person as a witness in a timely fashion by September 1, 2009, both acts in violation of the Order of this Court, the defendant further moves to strike all IRS witnesses under the Sixth Amendment Confrontation Clause of the United States Constitution as commanded by the Supreme Court of the United States in *Melendez-Diaz v. Massachusetts*, 557 U.S. _____ (2009).

In *Melendez-Diaz*, the Supreme Court continued its application of unconstitutional violations of the Confrontation Clause of the United States Constitution previously ruled on in *Crawford v. Washington*, 541 U.S. 36 (2004). In *Melendez-Diaz*, at the petitioner's state court trial, the prosecution introduced certificates of state laboratory analysts stating that material seized by police and connected to petitioner was cocaine of a certain quantity. Although the certificates were sworn to before a notary public and were submitted as prima facie evidence of what they asserted, the analysts themselves were not available at trial for cross-examination. The Supreme Court ruled that the affidavits presented were "testimonial statements," rendering the affiants "witnesses" subject to the defendant's right of confrontation under the Sixth Amendment. *Melendez-Diaz*, 557 U.S. __ at 5. As stated in *Crawford*, the Court held that the constitution guarantees a defendant's right to confront those "who 'bear testimony' against him. 541 U.S. at 51. Further the Court reiterated that a "witness's testimony against a defendant is thus inadmissible unless the witness appears at trial or, if the witness is unavailable, the defendant had a prior opportunity for cross-examination." *Id*. at 54.

The government has not disclosed what each IRS employee is expected to testify about despite

a request from the Defendant that it do so, particularly since the Defendant had provided that information to the government about its proposed witness upon the condition that the government would reciprocate. However, since no expert has been designated by the government, any IRS witness would, by default, be a fact witness providing testimonial statements and would thus fall under the strictures of *Melendez-Diaz.*

The only information provided by the government about any IRS proposed witness was the statement that Ms. Chung would be a "summary" witness. Therefore, any information she would testify to apparently would be an analysis or evaluation prepared by others. She would, in a sense, be a talking affidavit but one who could not be cross-examined under the applicable standards of *Melendez-Diaz.*

Regarding any other IRS witness, including John DePowell, who the government says it has withdrawn as a witness, and Paul Crowley, who was belatedly listed as a substitute witness in violation of Court Order, it appears that the same conditions prevail and that they had not made the original analysis or evaluation upon which the indictment was based. Defendant is entitled to cross-examine the people who made the original analysis and evaluations. The government, having not designated an expert in a timely fashion, is attempting to transport the evidence an expert or analyst would have provided over to an "accusatory" fact witness, as disallowed under *Melendez-Diaz.*

Counsel for the Defendant has specifically asked the government to provide the names and addresses of those IRS employees who *did* make the evaluation and analysis upon which the indictment was based.

### IV.    The Testimony of Larry Bodoh, Kim Halbrook and Warren Rose May Need to Be Precluded

The Defendant does not know what these three witnesses will testify to. However, to the extent that any of the witnesses attempt to introduce evidence of which they do not have personal, factual knowledge, the Defendant enacts and preserves his rights under the Sixth Amendment

11

Confrontation Clause as defined under *Melendez-Diaz* and *Washington v. Crawford*.

### V.     The Testimony of Elizabeth M. Chaney and Michael O'Hara Should Be Precluded If the Court Grants Defendant's Motion in Limine

Counsel for the Defendant has filed a Motion in Limine asking this Court to not admit any evidence at trial concerning Defendant's nearly 20 year old involvement regarding a postal exploding device.  The government has listed Michael O'Hara, a retired postal inspector, as a witness, presumably to give testimony regarding the incident that forms the basis of the motion in limine.  Should the Court grant Defendant's motion in limine, the Defendant moves to strike the testimony of Michael O'Hara.

Similarly, the government has listed Elizabeth M. Chaney, Disclosure Office - Michigan Department of Treasury, as a witness.  The Defendant also filed in its Motion in Limine a request to the Court to not allow testimony about the Defendant's state tax issues.  Should the Court grant Defendant's motion in limine, the Defendant moves to strike the testimony of Ms. Chaney.

Further, should the Court not grant Defendant's Motion in Limine, the Defendant moves to strike these witnesses should they be called upon to provide evidentiary testimony to which they do not have personal, factual knowledge.

### Conclusion

For the foregoing reasons, the Defendant requests that this Court preclude the witness's testimony as indicated.  Further, Defendant asserts his Confrontation Clause right and gives notice that he demands that any admission of evidence be given by live appearance at trial.  The Defendant has requested that the government provide the names of those IRS employees who conducted the original analysis and evaluation of documents and records related to the Defendant, which analysis and evaluation led to the indictment in this case.

Defendant, through counsel, has notified the government of his intention to file this motion and has asked if he may represent to the Court that the government has no objection.  The government

has not responded to that request.

                Respectfully submitted,

                _____/s/_____
                Mark Lane
                Counsel for the Defendant
                4 Old Farm Road
                Charlottesville, VA 22903
                Tel: (434) 293-2349
                Fax: (434) 293-9013
                Mlane777@cs.com

Dated:  September 9, 2009

## CERTIFICATE OF SERVICE

This is to certify that on September 9, 2009, an original copy of the foregoing Defendant's Motion to Preclude the Testimony of Government Witnesses and Memorandum in Support therein, was filed with the U.S. District Court for the Eastern District of Michigan and served on counsel for the government by filing the same with the Electronic Case Filing system.

_____/s/_____

Mark Lane
Trial Attorney