UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

    v.                                 Case 2:08-cr-20585-GER-DAS

PETER HENDRICKSON,
    Defendant                      VIO: 26 U.S.C. 7206(1)

## DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO STRIKE DEFENDANT'S PROPOSED WITNESSES

    The Government's Motion to Strike the Defendant's Proposed Witnesses is fatally flawed both procedurally and substantively as set forth more fully below in the Defendant's Brief in Response to Government's Motion to Strike Defendant's Proposed Witnesses.

    Therefore, for the reasons set forth in the attached Brief, the Defendant respectfully requests that the Court deny Government's Motion to Strike Defendant's Proposed Witnesses.

                                         Respectfully submitted,

                                         _____/s/_____
                                         Mark Lane
                                         Counsel for the Defendant
                                         4 Old Farm Road
                                         Charlottesville, VA 22903
                                         Tel: (434) 293-2349
                                         Fax: (434) 293-9013
                                         Mlane777@cs.com

Dated: September 16, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

    v.                                         Case 2:08-cr-20585-GER-DAS

PETER HENDRICKSON,
    Defendant                           VIO: 26 U.S.C. 7206(1)

**DEFENDANT'S BRIEF IN SUPPORT OF DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO STRIKE DEFENDANT'S PROPOSED WITNESSES**

Brief Summary:

The government's motion does not present any evidence or suggestion upon which the Court may act. It merely states that the testimony of the proposed witnesses "may be cumulative" or that the testimony of the proposed witnesses "may not be relevant." It also states that in its view, "there is no need for the defendant to call witnesses who would present evidence" about an incident. It also inaccurately states that the defendant intends to present evidence that "does not concern an issue of fact, but an issue of law."

Of course, the Court will decide during the progress of a trial if testimony is relevant or whether or not it is cumulative. For that reason, at most trials, there are numerous motions to exclude proffered testimony because one party or the other considers it to be irrelevant or cumulative.

The belief of the defendant that he did not make a statement known to him to be false is an issue of fact to be determined by the jury, not an issue of law to be determined by the Court.

Of less significance and likely not dispositive is the fact that the government violated **LR 7.1 Motion Practice** in that it submitted a Brief (which it identified as a Memorandum of Law) which did not contain a concise statement of the issues and did not on the following page set forth the controlling or most appropriate authority for the relief sought as specifically required by L.R. 7.1 (c) (2).

## LIST OF AUTHORITIES

- Order of this Court dated June 24, 2009

- Local Rule 7.1 Motion Practice (c) (2) Briefs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                              Case 2:08-cr-20585-GER-DAS

PETER HENDRICKSON,
    Defendant                              VIO: 26 U.S.C. 7206(1)

### DEFENDANT'S BRIEF IN SUPPORT OF DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO STRIKE DEFENDANT'S PROPOSED WITNESSES

FACTUAL BACKGROUND

The Defendant, in a timely manner, sent to the government a list of its proposed witnesses in this case pursuant to the Order of the Court dated June 24, 2009. The government requested additional information about the witnesses although the government had provided to the defendant only the names of its proposed witnesses, their occupation and the city and state of their residence. In response to the government's request, counsel for the defendant, stating that he was providing information on the grounds that it would be reciprocated by the government, sent to the government, in addition to the name of each proposed witness, the witness's occupation and the city and state of residence of the witness <u>and a brief summary of the testimony that each witness would provide at trial.</u>

The government offers no statement of fact upon which the Court may preclude testimony or strike proposed defendant's witnesses. Instead, the government speculates that some evidence "may not be relevant" or that some evidence "may be cumulative."

5

(Government's Motion to Strike, page 1, Government's Memorandum of Law, page 2).

All parties are aware of the fact that during trial both parties will almost certainly make objections to proposed testimony claiming that it is irrelevant or cumulative. No doubt, the Court will on occasion grant some of those motions. In other words, testimony by witnesses for the defendant and for the government *may* be considered at some time during trial to be irrelevant by the Court. Similarly, testimony by witnesses for the defendant and for the government *may* at some time during trial be considered to be cumulative by the Court.

The government's generalized speculation as to what may or not happen during trial provides no basis for a motion to strike witnesses. Indeed, it reveals that the government's motion is frivolous.

Previously, Mark F. Daly, the Department of Justice Trial Attorney assigned to this case, wrote to Mark Lane, Counsel for the Defendant, and stated that "the government will move to strike all of the witnesses identified on your witness list." (Letter dated September 9, 2009) The reason then offered by Mr. Daly was that "Given the abstruse descriptions of the proposed testimony, the government is incapable of fully assessing whether the testimony would be relevant or cumulative." This letter reveals that the government, while originally refusing to provide any description of the testimony its witnesses would offer in its filed and stricken pleading, is now bemused by the description by the defendant of the testimony of its proposed witnesses. It is difficult to understand why the government asserts that it is difficult for it to understand the descriptions of proposed testimony provided by the defendant. For example, the government has asked the Court for permission to provide evidence about a conviction of

6

the defendant which took place almost two decades ago. The defendant has opposed that effort in its Motion in Limine and has suggested that should the Court grant that motion, the defendant would be obligated to present testimony about that matter. Regarding witnesses who would testify about that matter the defendant wrote to the government stating that each such witness "will provide evidence regarding the smoke bomb incident referred to in government's FRE 404(b) Notice." That is a simple and straight forward assertion, not an "abstruse description" one, as defined as a description "difficult to understand."

In its present motion the government has now stated that the defendant should be barred from responding to the government's proposed evidence since in the government's view, "there is no need for the defendant to call witnesses who would present evidence regarding that incident." Apparently the government now does understand the description, which so confused it on September 9, 2009, but has decided that it, not the defendant, will determine which witnesses the defendant might "need" to present.

The government, stating that only the Court can decide the law, asserts that, therefore, the defendant must be denied the right to present evidence that he did not believe that his filings were untruthful or false when he made them. In fact, that is a matter of fact for the jury to determine and the basis for the defendant's belief is of paramount concern in this case. The government, now finding the defendant's explanation about those witnesses to be no longer abstruse, has formulated another, although equally frivolous, theory about why the defendant should be precluded from presenting his case, including the basis for his belief, the central issue in this case.

And finally, the government has fabricated an oxymoron of magnificent

7

proportions so absurd that it defies reasonable understanding by proposing that the Court preclude the testimony of <u>all</u> witnesses on the supposition that they may <u>all</u> be cumulative of each other. All but three, perhaps, or even all but one, could be wrong headed as well as premature, but not absolutely self-contradictory. The proposal leaves abstruse far behind since its logic is not difficult, but impossible, to fathom.

  For the reasons set forth above, the defendant respectfully requests that the government's frivolous motion based upon shifting and equally unstable shifting grounds, be denied and that the Court take whatever further action it deems to be just.

                Respectfully submitted,

                _____/s/_____
                Mark Lane
                Counsel for the Defendant
                4 Old Farm Road
                Charlottesville, VA 22903
                Tel: (434) 293-2349
                Fax: (434) 293-9013
                Mlane777@cs.com

Dated:  September 16, 2009

## CERTIFICATE OF SERVICE

This is to certify that on September 16, 2009, an original copy of the foregoing Defendant's Response to Government's Motion to Strike Defendant's Proposed Witnesses was filed with the U.S. District Court for the Eastern District of Michigan and served on counsel for the government by filing the same with the Electronic Case Filing system.

_____/s/_____

Mark Lane
Trial Attorney