UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,                                    Case 2:08-cr-20585-GER-DAS

v.

D-1 PETER HENDRICKSON,                    VIO:   26 U.S.C. § 7206(1)

Defendant.

_____/

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTIONS FOR ACQUITTAL AND NEW TRIAL**

The United States Attorney for the Eastern District of Michigan, by and through the

undersigned attorneys, files this Government's Memorandum in Opposition to

Defendant's Motions for Acquittal and New Trial.  In his motion, the Defendant renews his

Motion for Judgment of Acquittal or New Trial under Fed.R.Crim.P. 29(c) and 33(a).

Defendant's motion must be denied as it lacks merit.

I.      Legal Standards

_____ A trial court ruling on a motion for judgment of acquittal pursuant to Fed.R.Crim.P.

29(c) must consider the evidence and inferences most favorably to the government and determine

whether evidence exists from which a reasonable jury might find the defendant guilty beyond a

reasonable doubt.  United States v. Overmyer, 867 F.2d 937, 938 (6th Cir.1989).  A trial court

may grant a motion for a new trial "if required in the interests of justice."  Fed.R.Crim.P. 33.

II.     Defendant was a "Person" for Purposes of 26 U.S.C. § 7206(1)

Prior to trial, the Court squarely rejected the argument that, as a matter of law, the defendant could not be a "person" as defined in § 7206(1).   United States v. Hendrickson, 664 F.Supp.2d 793, 814 (E.D.Mich. 2009) ("[T]he Court finds that the pertinent definitional provisions of the Internal Revenue Code quite clearly specify that individuals such as Defendant are 'persons' within the meaning of § 7206(1).  Moreover, not only has Defendant failed to supply the promised case law, but the Court's research reveals that the case law is uniformly against his position.").  The defendant has claimed that the Court erred in issuing its Opinion and Order, but has not presented any new arguments to merit reconsideration.

The defendant argues that at trial the Government failed to introduce evidence that he was a "person."  In its case in chief, the government presented evidence that the defendant worked at Edward Rose & Son.[1]  Witnesses Larry Bodoh and Warren Rose discussed their interactions with Hendrickson.  Tr. 371-73, 387-88, 392-93, 399-403, 407-12.  From that evidence, the jury could conclude that Hendrickson was a person.  Further, as the defendant took the stand at trial and testified on his own behalf, the jury was entitled to conclude from his presence that, as an individual, he was a "person" for purposes of § 7206(1).

---

[1]  The defendant received his Form W-2 from Personnel Management, a company affiliated with Edward Rose & Sons.  However, the defendant  referred to the latter entity as his employer. For purposes of simplicity, the two companies will be referred to as "Edward Rose & Sons."

2

III.   There was Sufficient Evidence for the Jury to Conclude that the Defendant
        Received "Wages"

The defendant's claims that there was insufficient evidence for the jury to conclude that

the defendant was an "employee" or that he received "wages" are devoid of substance.[2]  First, the

government introduced into evidence the Forms 1040 that the defendant filed for 1997, 1998,

1999 and 2000.  Exs. 1, 3, 5, 7.  In those documents, the defendant reported as wages the

amounts paid to him by Edward Rose & Sons, as reported to him on Forms W-2.  In so doing, the

defendant admitted that he was an employee of Edward Rose & Sons and that he understood that

the remuneration paid to him constituted "wages."  Second, the government introduced into

evidence the Forms W-2 issued to Hendrickson by Edward Rose & Sons from 2000 through

2006 reporting the remuneration that he received for each year.  Exs. 31-37.  Third, Larry Bodoh

and Warren Rose discussed the defendant's tenure at the company, touched on his

responsibilities, and referred to him as an "employee."  Tr. 371-73, 399.  Finally, documents

signed by the defendant, including the Form W-4, Employee's Withholding Allowance

Certificate (Ex. 40), and the "Employee Verification Forms" (Exs. 38, 39, 47, 49, 52), and given

to the defendant, including the Forms W-2, Wage and Tax Statement (Exs. 31 to 37), indicate

that Edward Rose & Son considered the defendant to be an employee and that the defendant

accepted that characterization.[3]  From that evidence, particularly the defendant's own admissions,

---

[2]  The Court exercised its proper discretion when it instructed the jury on the regarding
"wages" and "employee."  Defendant's claim that the Court erred when it declined to provide the
jury with the statutory language is without merit.

[3]  Hendrickson testified that he worked at Edward Rose & Sons from 1994 through 2006,
and described his job responsibilities, the services that he provided, and the employees under his
supervision.  Tr. 507-510.  Indeed, the defendant deemed himself to have served in a managerial
position and went so far as to introduce into evidence the business card that he received from his
employer.  Id.  From those facts, the jury could conclude that the defendant was an employee of

the jury could conclude that Hendrickson was an employee of Edward Rose & Sons and that his remuneration constituted "wages."[4]

III.   Willfulness

The defendant claims that the government failed to introduce evidence of willfulness.  To the contrary, the government presented overwhelming evidence that the defendant knew of his duty to report his wages as income yet failed to do so.  Most damning were the Forms 1040 that the defendant submitted for the years 1997 through 2000.  See Exs. 1, 3, 5, 7.  On each return the defendant accurately reported on Line 7 the wages that he earned as income and declared a tax on that income.[5]  Attached to each return were unaltered Forms W-2 reporting wages paid to him by Edward Rose & Sons.  By filing the returns that accurately reported his remuneration as wages, the defendant demonstrated his knowledge of what the law required.  The jury could conclude from his prior habit of filing accurate returns that he was willful when he reported that he had received zero ($0) wages on the Forms 1040 for 2000 and 2002 through 2004 and the Forms 4852 for 2000 and 2002 through 2006.  See, e.g., United States v. Shields, 642 F.2d 230, 231 (8th Cir. 1981) ("Evidence of [taxpayer's] prior filing and tax paying history, and IRS attempts to

_____

Edward Rose & Son.

    [4]  The defendant, citing 26 U.S.C. § 6201(d), claims that the government had the obligation at trial to "rebut" the false Forms 4852 (on which he claimed that he received zero ($0) wages each year) with evidence other than a Form W-2 to the contrary.  Section 6201 concerns the assessment authority of the Secretary of the Treasury.  A criminal violation under 26 U.S.C. § 7206(1) concerns the making and subscribing of a false return.  A tax deficiency is not an element of the crime.  Even if it were, a formal assessment would not be necessary.  See United States v. Dack, 747 F.2d 1172, 1174-75 (7th Cir. 1984) (discussing 26 U.S.C. § 6201 and stating:  "In sum, tax assessment proceedings are civil in nature and are not normally a prerequisite to criminal liability.").

    [5]  On each document, the defendant altered the jurat to present his contention that wages were not taxable.

4

explain the legal requirements to him are sufficient to sustain the jury's finding that [the taxpayer] was aware of his legal obligations imposed by the tax laws and intentionally chose not to comply with them.); United States v. Shivers, 788 F.2d 1046, 1048 (5th Cir. 1986) (history of comporting with the law by filing returns evidence of willfulness).

      Setting aside the returns, evidence of willfulness includes:

- Defendant's prior conduct, i.e. his prior convictions for failure to file a return and conspiracy to engage in a tax protest, evidences his attitude towards paying taxes and the IRS (Tr. 477-85);
- Defendant's incendiary comments regarding the judiciary's role in his 1991 conviction and the 2006 adverse verdict in the erroneous refund litigation (Tr. 639-48);
- The notice that the State of Michigan gave to the defendant informing him his remuneration constituted wages, that the wages were taxable, and that the defendant's arguments to the contrary were meritless (Tr. 450-56); and
- Defendant's defiant statements that he would not comply with the order to amend his 2002 and 2003 returns and pay the tax owing (Tr. 645).

See United States v. Grosshans, 821 F.2d 1247, 1253 (6th Cir. 1987). See also United States v. Turano, 802 F.2d 10, 12 (1st Cir.1986) (evidence of a personal philosophy and activity as tax protestor is relevant and material to the question of intent).

    IV.    The Falsities in the Documents Filed by the Defendant Were Material

    A material matter is one having a natural tendency to influence or impede the Internal Revenue Service in ascertaining the correctness of the tax declared or in verifying or auditing the returns of the taxpayer. United States v. Fawaz, 881 F.2d 259, 264 (6th Cir. 1989). Here, the defendant made material false statements on the Forms 1040 (for 2000 and 2002 through 2004) and 4852 (for 2000 and 2002 through 2006) when he claimed that he received zero ($0) income in wages. The defendant argues that the falsities on his Forms 1040 and Forms 4852 were not material as the IRS had in its possession information to the contrary. That is, his false statements couldn't have impeded the IRS because the IRS had received truthful information from Edward

Rose & Sons regarding the wages paid to Hendrickson.  Whether or not the government had in

its possession truthful information regarding the wages paid to the defendant is irrelevant as to

whether the false amount entered for wages on the Forms 1040 and 4852 were material.  See,

e.g., United States v. Dain, 258 Fed.Appx. 90, 94 (9th Cir. 2007) (rejecting defendant's claim

that his failure to report his wages on his tax returns was not material even though he attached

unaltered Forms W-2, showing the actual amount of wages he received, to the filed return);

United States v. Bolden, 205 F.3d 1325, 2000 WL 232062, at *1 (Table) (2d Cir. Jan. 27, 2000)

(affirming that falsely reporting zero ($0) wages on a tax return constituted a material

misstatement).

The rule that underreporting wages on a return, or other documents submitted to the IRS,

is material, regardless of whether the IRS has in its possession information that might show the

true amount, is well founded given the practicalities of return processing.  Shauna Henline

testified that when a return arrives at a service center, the document is reviewed solely for glaring

errors or emissions.  Such a review does not include a determination of whether the amounts

reported on the return are true and accurate.  Given the volume of returns submitted to the IRS, it

is not feasible for the Service to verify the veracity of the information set forth on the face of

each individual return prior to processing.  Barring an obvious mistake or omission, a computer

processes the return, accepts the figures set forth on the return as true, and, if requested,

automatically issues a refund.  Tr. 663-666.

The defendant's 2002 and 2003 Forms 1040 and 4852 are paradigmatic examples of how

this process can be exploited.  On the returns, and the Forms 4852 attached thereto, the defendant

stated that he had zero ($0) wages.  Even though the IRS had received contrary information

6

regarding the defendant's wages from his employer, the defendant's false statements on the Forms 1040 and 4852 impeded the Internal Revenue Service in ascertaining the correctness of the tax declared in that the IRS erroneously issued him either credits or refunds for each year. Exs. 9-12.

V.      The Court Properly Instructed the Jury

The Code defines "wages" as "all remuneration (other than fees paid to a public official) for services performed by an employee for his employer, including the cash value of all remuneration (including benefits) paid in any medium other than cash . . ." 26 U.S.C. § 3401(a). That same section includes 22 exceptions, identifying remuneration that does not constitute "wages. " None of those exceptions pertain to the defendant.

The same section states that the term "employee" "includes an officer, employee, or elected official of the United States, a State, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one or more of the foregoing. The term 'employee' also includes an officer of a corporation." 26 U.S.C. § 3401(c).  An employer is defined as "the person for whom an individual performs or performed any service, of whatever nature, as the employee of such person." 26 U.S.C. § 3401(d).

The Court gave the following instruction to the jury:

> As it relates to the charges in this case, I instruct you that the term "wages" means all payments for services performed by an employee for his employer.  The term "wages" applies to all employees and is not restricted to persons working for the government.

> As it relates to the charges in this case, I instruct you that the term "employer" means the person for whom an individual performs or performed any service of whatever nature, as the employee of such person.

This definition applies to all employers, whether private or government.  As it relates to the charges in this case, I instruct you that the term "employee" means any individual who performs these services.

Tr.  788-89.

The instructions given by the Court accurately summarize the law as pertains to the defendant without delving into inapplicable arcana.  The defendant's argument that the statutes were void for vagueness also fails as it relies on his own twisted definition of the word "includes" in § 3401(d), which he claims is a term of limitation.  As stated in the Court's Opinion and Order, it is beyond argument that the term "includes" is a term of expansion, and not limitation.  Hendrickson, 664 F.Supp.2d at 815.  See United States v. Latham, 754 F.2d 747, 750 (8th Cir. 1985).

VI.   The Government's Evidence was Properly Admitted

The government introduced in its case in chief records related to the defendant's filings with state and federal taxing authorities as well as correspondence between the defendant and those authorities.  The defendant argues that all such documents should have been excluded as they were testimonial in nature, in contravention of Melendez-Diaz v. Massachusetts, 129 S.Ct. 2527 (2009).  In Melendez-Diaz, the Supreme Court held that documents that fell within the "core class of testimonial statements" and which were "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial" could not be admitted into evidence under the business records exception to the hearsay rule as they violated the Confrontation Clause.

8

None of the documents at issue contain testimonial statements that were intended to be used at trial.[6]  The records of the IRS introduced at trial consist of returns, transcripts, and a closing file related to the audit of Mr. Hendrickson's 2000 return.  While the closing file may have contained documents setting forth conclusions regarding the nature of the defendant's remuneration, the Court provided a cautionary instruction that informed the jury that such evidence was to be used solely for the purpose of showing that the defendant had notice that the IRS had drawn that conclusion and not as proof that the remuneration constituted wages.[7]

---

[6]  In the context of tax cases, <u>Melendez-Diaz</u> would be implicated if the government were to introduce a certificate stating that a search for returns had been made but that no such returns had been found.  In that instance, if the defendant were charged with failure to file a return, in violation of 26 U.S.C. § 7203, the certificate likely "would serve as substantive evidence against the defendant whose guilt depended on the nonexistence of the record."  <u>Melendez-Diaz v. Massachusetts</u>, 129 S.Ct. at 2539.

[7]  The instruction was as follows:

I have now received into evidence these exhibits that the witness is receiving to which contain the conclusion that remuneration which Peter Hendrickson received from Personnel Management, Inc. constituted wages to Mr. Hendrickson.

This evidence has been admitted only for the purpose of establishing that the IRS was of the view that -- I'm sorry. That the Internal Revenue Service was of the view that Personnel Management, Inc.'s payments to Mr. Hendrickson constituted wages and that this view was communicated to Mr. Hendrickson.

The evidence is not offered for the purpose of establishing the fact that Mr. Hendrickson received wages from Personnel Management, Inc.

Tr. 266-68.

For the reasons set forth in the attached memorandum of law, the United States

respectfully requests that the Court deny the defendant's motion for acquittal and new trial.

Respectfully submitted,

BARBARA MCQUADE
UNITED STATES ATTORNEY

Date:  March 19, 2010          By:      _____/s/_____
                                        Michael Leibson
                                        Assistant U.S. Attorney
                                        211 W. Fort Street, suite 2001
                                        Detroit, MI  48226
                                        (313) 226-9100
                                        Michael.leibson@usdoj.gov


                                        _____/s/_____
                                        Mark F. Daly
                                        MA Bar No. 640581
                                        Trial Attorney
                                        United States Department of Justice, Tax Division
                                        P.O. Box 972
                                        Washington, DC  20530
                                        Tel:  (202) 514-5150
                                        Fax:  (202) 616-1786
                                        Mark.F.Daly@usdoj.gov

## **TABLE OF AUTHORITIES**

**Cases**

1.    Melendez-Diaz v. Massachusetts, 129 S.Ct. 2527 (2009) . . . . . . . . . . . . . . . . . . . . . . . . 8

2.    United States v. Dain, 258 Fed.Appx. 90 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . 6

3.    United States v. Bolden, 205 F.3d 1325, 2000 WL 232062 (2d Cir. Jan. 27, 2000) . . . . . 6

4.    United States v. Fawaz, 881 F.2d 259 (6th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5.    United States v. Overmyer, 867 F.2d 937 (6th Cir.1989) . . . . . . . . . . . . . . . . . . . . . . . . 1

6.    United States v. Grosshans, 821 F.2d 1247 (6th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . .5

7.    United States v. Shivers, 788 F.2d 1046 (5th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . .5

8.    United States v. Turano, 802 F.2d 10 (1st Cir.1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

9.    United States v. Latham, 754 F.2d 747 (8th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

10.   United States v. Dack, 747 F.2d 1172 (7th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11.   United States v. Shields, 642 F.2d 230 (8th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . 4

12.   United States v. Hendrickson, 664 F.Supp.2d 793 (E.D.Mich. 2009) . . . . . . . . . . . . . 2, 8

**Statues and Rules**

1.    26 U.S.C. § 3401(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

2.    26 U.S.C. § 3401(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

3.    26 U.S.C. § 3401(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

4.    Federal Rule of Criminal Procedure 33 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## CERTIFICATE OF SERVICE

This is to certify that on March 19, 2010, an original copy of the  Government's

Memorandum in Opposition to Defendant's Motions for Acquittal and New Trial was filed with

the U.S. District Court for the Eastern District of Michigan and served on counsel for the

defendant by filing the same with the Electronic Case Filing system.


_____/s/_____
Mark F. Daly
Trial Attorney