IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　　　Criminal No. 2:08-cr-20585-GER-DAS-1

PETER HENDRICKSON

**REPLY TO THE UNITED STATES RESPONSE TO DEFENDANT'S NOVEMBER 3, 2009 MOTION FOR JUDGMENT OF ACQUITTAL AND/OR NEW TRIAL UNDER FEDERAL RULES OF CRIMINAL PROCEDURE 29(c) AND 33(a)**

On November 3, 2009, Peter Hendrickson filed a Motion for Judgment of Acquittal or New Trial under Fed.R.Crim.P. 29(c) and 33(a), supplementing that Motion with a brief filed on February 26, 2010. The United States (U.S.) responds with a studied effort to evade key points of the Motion. This is exemplified by its repeated use of the phrase, *"The jury could conclude from..."* (Response pp. 2, 3, 4.) The proposition is that the U.S.'s unmet burdens of proof should be DEEMED met by its having induced conclusory "inferences" in the minds of the jurors in lieu of actually proving the facts it alleged to be true in bringing the charges in this case.

For instance, unspecific testimony was offered that over the course of his time with Personnel Mgmt. Inc., Mr. Hendrickson was paid for his work. But no testimony was presented that he was paid what he is alleged to have received as "wages" in the indictment. Apparently, the jury was to "infer" that if Mr. Hendrickson was *ever* paid for his work, then it *"could conclude"* that he was paid $51,666 in 2000, for instance, and that the amount qualified as "wages"-- and should overlook the fact that the U.S. never actually asked any witness capable of testifying about these things to do so, or produced any other evidence in this regard. Because <u>no reasonable jury could overlook that critical fact</u>, the Court should have directed a verdict of acquittal at the end of the U.S.'s empty and manipulative case-in-chief, as it was moved to do. After all, this is not a mystery in which no witnesses were present at the scene of the alleged crime. This is a "mystery" for which there are witnesses with knowledge of all relevant events, whom the prosecution refused to have testify as to what they know.[1]

---

[1] *"The People call Sam Smith, your Honor. Mr. Smith, you are the night watchman at the warehouse in which the crime charged in this indictment allegedly took place, and were there at the time, isn't that so?" "Yes, indeed! I saw everything!" "Do you know the Defendant, Mr. Smith?" "Oh sure, I know Joe Black." "Have you ever known him to do evil?" "You bet. Why, I've seen him disagree with a lawyer, more than once!" "Thank you, Mr. Smith. No further questions."*

1

Significantly, the ONLY testimony on the subject of "wages" (or payments under any label during the years involved in this case) was Mr. Hendrickson's to the effect that he DID NOT receive the "wages" alleged during those years, <u>meaning that no jury could reasonably conclude that he did</u>. In light of the presumption of innocence to which Mr. Hendrickson is entitled, and the failure of the U.S. to present any actual evidence to the contrary-- despite having put on the stand the very witnesses who made the allegations in the first place-- no jury not confused, misled and manipulated by the proceedings in trial could have reasonably arrived at a guilty verdict, and this Honorable Court should dismiss the charges accordingly.

Similarly, no witness was asked to testify as to whether Mr. Hendrickson was in a "legal relationship of employer-employee", even though the instructions given to the jury as to the meaning of "wages" (in lieu of the actual words of the statutes) presented this as an essential element of the charges in the indictment. Again, the jury was invited to "infer" such a "legal relationship"-- even while being carefully left ignorant of the term's meaning-- and to overlook the fact that the U.S. never sought to prove this essential issue in open court at risk of rebuttal, as was its obligation. (The U.S. continues to avoid the subject entirely in its response to this Motion, as well). The same is true of EVERY element of the offenses charged, and this Honorable Court should dismiss the charges accordingly.

Parts of the U.S. response need specific attention. For instance, the U.S. says that:

> *"Prior to trial the Court squarely rejected the argument that, as a matter of law, the defendant could not be a "person" as defined in § 7206(1)."* (Response page 2.)

However, Mr. Hendrickson did not say that he couldn't be a "person" as a matter of law, he said that he ISN'T a "person" as defined relevant to §7206(1), and it was the obligation of the U.S. to prove otherwise, if it could. Rather than carry this burden (which cannot be mooted by a judicial

2

finding, see *U.S. v. Bass*, 784 F.2d 1282, 5th Circuit (1986) and cases cited), the U.S. simply made reference to several (uniformly non-precedential) cases in which the subject of "personhood" relevant to §7206(1) is airily disposed of without a scintilla of analysis, while ignoring *Sims v. U.S.,* 359 U.S. 108 (1959), a Supreme Court ruling in which detailed analysis DOES take place, and which squarely supports Mr. Hendrickson's position.

At the same time, the U.S. failed (and continues to fail) to address the overwhelming authority presented by Mr. Hendrickson that "includes" is merely a variant of "means", varying in that it allows for the inclusion of unnamed members of the class established by the enumerated items which follow its deployment, but unvarying in that it allows for no others, and does not make the enumerated items, or their class, a mere supplement of some other definition found elsewhere. This is understandable, since acknowledging that "includes" is a species of "means" eviscerates the U.S. arguments on this matter (and its case in general, for that matter). Properly reading the language of §7343 as,

> *The term "person" as used in this chapter [means] an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs [and others of like kind and class].*

as is required in light of the voluminous Supreme Court jurisprudence and other authority on the subject of "includes" Mr. Hendrickson has provided, makes unmistakable and inarguable that §7343 is the sole and exclusive definition of the "persons" that can be charged under §7206(1), and obliged the U.S. to attempt to prove that Mr. Hendrickson is such a "person". (Further, even a persistent MIS-reading of this statute would still leave "person" a defined term within the law, and thus still a burden of proof for the U.S..) The U.S. failed to address the subject at all in trial, and this Honorable Court should dismiss the charges accordingly.

3

Another issue is the U.S.'s references to Mr. Hendrickson's filings prior to those in this case, which it argues are "admissions" that his earnings constituted "wages". This "argument" overlooks the disclaimers in those filings consistently DENYING the fitness of characterizing Mr. Hendrickson's earnings as "income" (and thus as "wages", which are merely a subset of "income"), and the affidavit furnished to the IRS in November 2001 (see page 51 of govt. trial exhibit 7). Further, these older filings pre-date Mr. Hendrickson's discovery of the legal meaning of "wages" as used in the tax law, and thus the fact that he failed to explicitly rebut the application of that term to his earnings in older filings is irrelevant. Similarly, the U.S. refers to W-4s, while overlooking the fact Mr. Hendrickson's were accompanied by specific disclaimers denying that they constituted any "admissions" (see govt. trial exhibits 42 and 43).

In addition, the U.S. "misses" (or avoids entirely) the points that:

- Instructions obscuring relevant definitions constitute a directed conviction (see *U.S. v. Bass*);
- §§6201(d) and 7491 are NOT cited for the proposition that assessment is a prerequisite to criminal charges, but because each makes it a matter of law that if rebutted, the allegations on W-2s must be supported by other specific evidence, and therefore, as a matter of law, the U.S. failed to make a case that Mr. Hendrickson's claims of no "wages" received were false;
- Mr. Hendrickson DID NOT say that his filings were not "material" because the IRS had "truthful" contrary information, but because the IRS had alternate assertions which happened to suit its own preferences, and to which it was even alerted by Mr. Hendrickson's filings, and thus was never "influenced" or "impeded" by his filings as it might arguably have been had Mr. Hendrickson's filings been made in isolation or involved some effort to obscure or deny the existence of the contrary assertions;

4

- Hostility to an institutional mis-application of the law is not evidence of "willfulness"; and

- The documents introduced by the U.S. in trial WERE, in fact, used to suggest analysis and conclusions prejudicial to of Mr. Hendrickson (and had that effect, in any event), and the U.S. even admits in its response that at least two were explicitly conclusory (an IRS "closing file" and a Michigan "notice"). The Melendez-Diaz/Crawford doctrine was plainly violated.

Finally (only because page limits preclude discussion of the many other mendacities and evasions in the U.S. response), the U.S. admits that §3401(a) contains 22 exceptions identifying remuneration that doesn't constitute "wages", and then declares that, *"None of those exceptions pertain to the defendant."* (Response, page 7). Is this testimony?! Perhaps it is a welcome acknowledgment of the fact that §3401(a) doesn't pertain to Mr. Hendrickson, period. In any event, it is an evasion of the point that because such exceptions exist (there, and in §3121(a), as well), its failure to address them in trial means the U.S. didn't make even a prima facie case that Mr. Hendrickson's $0 "wage" reports were false, and the jury instruction that ALL remuneration paid to "employees" constitutes "wages" was flatly wrong, however "employee" is defined.

This Honorable Court should vacate the jury's verdict and replace it with a judgment of acquittal, or at least order a new trial.

                                                Respectfully submitted,

                                                Jack R. Hendrickson, Jr.

Dated: March 26, 2010        By:   */s/ Jack R. Hendrickson, Jr.*_____
                                                Jack R. Hendrickson, Jr., Esquire
                                                Attorney I.D. No. 29193
                                                3003 Miller, Ann Arbor, MI 48105
                                                Telephone: (734) 276-3572
                                                E-Mail: rhendrickson@starpakgroup.com
                                                Attorney for Defendant Peter Hendrickson

## Index of Authorities

**Cases:**

*Sims v. U.S.,* 359 U.S. 108 (1959)……………………………………………………………..3

*U.S. v. Bass*, 784 F.2d 1282, 5th Circuit (1986)...……………………………………………..3, 4

**Statutes:**

*26 USC § 6201(d)...*……………………………………………………………………………….4

*26 USC §3121(a)...*……………………………………………………………………..………5

*26 USC §3401(a)...*………………………………………………………………………………..5

*26 USC §7206(1)..*……………………………………………………………………………….2, 3

*26 USC §7343*……………………………………………………………………………………….3

*26 USC §7491*……………………………………………………………………………………..4

Certificate of Service

I hereby certify that on March 26, 2010, I electronically filed the foregoing paper and related attachments with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Michael C. Leibson
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
Michael.leibson@usdoj.gov

and

Mark F. Daly, MA Bar No. 640581
United States Department of Justice, Tax Division
P.O. Box 972
Washington, D.C. 20530
mark.f.daly@usdoj.gov