**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

                                                    Criminal No. 08-20585-01
                                                    Civil No. 11-11603

v.

PETER HENDRICKSON,                    Hon. Gerald E. Rosen

       Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S**
**MOTION TO VACATE CONVICTION AND SENTENCE**

                At a session of said Court, held in
            the U.S. Courthouse, Detroit, Michigan
            on        April 24, 2013

            PRESENT:  Honorable Gerald E. Rosen
                            Chief Judge, United States District Court

      Defendant Peter Hendrickson was convicted by a jury on ten counts of filing a false document with the Internal Revenue Service ("IRS") in violation of 26 U.S.C. § 7206(1), and he was sentenced to a 33-month term of imprisonment in a judgment entered on May 25, 2010.  Following an appeal and a remand for resentencing, Defendant's prison term was reduced to 27 months through an amended judgment entered on May 17, 2012.  Defendant completed this term of imprisonment shortly thereafter, and currently is serving a one-year term of supervised release.  Through the present motion filed on December 26, 2012, Defendant requests that his conviction and sentence be vacated on

two grounds.[1] For the reasons set forth below, the Court finds that Defendant has failed to identify a basis for the relief sought in his motion.

Defendant first contends that his conviction and sentence are invalid in light of the Government's purported failure to allege and prove that he is a "person" as this term is used in 26 U.S.C. § 7206(1) and defined in 26 U.S.C. § 7343. The Court addressed precisely this same argument in a pretrial ruling, however, holding that both the plain language of the Internal Revenue Code and the uniform weight of the pertinent case law dictate that an ordinary individual qualifies as a "person" under these statutory provisions. *See United States v. Hendrickson,* 664 F. Supp.2d 793, 813-16 (E.D. Mich. 2009). The Court then reiterated this ruling in an April 26, 2010 opinion denying Defendant's motion for a judgment of acquittal or a new trial. (*See* 4/26/2010 Op. at 2-3.) Defendant suggests no basis for concluding that the third time is the charm as to this argument. Rather, the Court adheres to its pre- and post-trial resolution of this issue.

Next, Defendant asserts that the Government is foreclosed from establishing that he willfully filed false returns in violation of 26 U.S.C. § 7206(1), where any such false filing purportedly would have triggered the IRS's obligation under 26 U.S.C. § 6020(b)(1) to create a substitute tax return. Because the IRS created no such substitute returns upon Defendant's filing of his allegedly false returns, Defendant suggests that this

---

[1]Although Defendant does not specifically identify a source of this Court's authority to entertain his present motion, but instead appeals generally to the power of the courts to set aside "void judgments," the Court construes Defendant's motion as brought under 28 U.S.C. § 2255, which authorizes federal prisoners such as Defendant to pursue collateral challenges to the legality of their conviction or sentence.

is tantamount to an "admission" by the Government that his returns were correct. (Defendant's Motion at 14.) This argument, however, was not raised in Defendant's direct appeal of his conviction and sentence. Accordingly, this challenge is procedurally defaulted, unless Defendant can show "either that (1) he had good cause for his failure to raise [this] argument[] and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regaldo v. United States,* 334 F.3d 520, 528 (6th Cir. 2003). Defendant has made no effort to demonstrate good cause for his failure to pursue this challenge on appeal. Neither does this challenge provide an avenue for Defendant to establish his actual innocence of the charges brought against him under 26 U.S.C. § 7206(1). Defendant's argument, even if accepted, would indicate only that the IRS failed to discharge a purportedly required duty — *i.e.,* preparing a substitute return — upon determining that the returns filed by Defendant were false. Even assuming this were so — and even assuming, as Defendant maintains, that this inaction by the IRS was tantamount to an admission that the agency did not view Defendant's tax returns as false — this would not establish Defendant's actual innocence of the charge of willfully filing returns in which he falsely claimed that he had received no wages.

In any event, this challenge fails on the merits. A number of courts, including this one, have held that the statutory provision upon which Defendant relies, 26 U.S.C. § 6020(b)(1), does not give rise to a mandatory duty to prepare a substitute return. *See, e.g., United States v. Maggi,* No. 98-5570, 1999 WL 96651, at *2 (6th Cir. Feb. 5, 1999); *United States v. Stafford,* 983 F.2d 25, 27 (5th Cir. 1993); *United States v. Powell,* 955

F.2d 1206, 1213 (9th Cir. 1991); *Schiff v. United States,* 919 F.2d 830, 832 (2d Cir. 1990); *United States v. Verkuilen,* 690 F.2d 648, 657 (7th Cir. 1982); *United States v. Tarrant,* 798 F. Supp. 1292, 1303 (E.D. Mich. 1992). Although Defendant seeks to distinguish this uniform weight of authority by noting that each of these cases involved a failure to file a return, rather than the filing of a false return, he fails to suggest why this factual distinction should affect the courts' interpretation of a statute that is equally triggered by *either* a "fail[ure] to make any return required by any internal revenue law or regulation" *or* the "mak[ing], willfully or otherwise, [of] a false or fraudulent return." 26 U.S.C. § 6020(b)(1). In either case, the IRS is granted precisely the same authority to create a substitute return, and any statutory duty to do so surely would arise under either circumstance.

Yet, even assuming — contrary to the conclusion uniformly reached by this Court and many others — that § 6020(b)(1) gives rise to a duty that the IRS failed to discharge in this case, Defendant fails to suggest a legal basis for treating this as a ***binding admission*** by the Government that Defendant's tax returns were not false, and as therefore precluding the jury from finding to the contrary. In several of the above-cited cases, the defendant taxpayers advanced an analogous argument, asserting that the IRS's purported obligation under § 6020(b)(1) to prepare substitute returns overcame their legal obligation to file returns on their own behalf. The courts — again, including this one — uniformly rejected this contention, explaining that "although [§ 6020(b)(1)] authorizes the Secretary [of the Treasury] to file for a taxpayer, the statute does not require such a filing,

4

***nor does it relieve the taxpayer of the duty to file."*** *Stafford,* 983 F.2d at 27 (emphasis added); *see also Powell,* 955 F.2d at 1213; *Tarrant,* 798 F. Supp. at 1302-03.  As this Court observed, the purpose of § 6020(b)(1) is to "provide a mechanism for the IRS to assess the civil tax liability of a taxpayer who has failed to file a return, *not* to excuse the taxpayer from the criminal liability that results therefrom."  *Tarrant,* 798 F. Supp. at 1303.  Likewise, in this case, the grant of authority under § 6020(b)(1) to prepare a substitute return does not excuse Defendant from the criminal liability imposed under § 7206(1) for willfully filing a false return, and this is equally true regardless of whether (i) the authority granted under § 6020(b)(1) is mandatory or permissive, or (ii) the IRS failed to discharge a purportedly mandatory duty to create a substitute return.[2]

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's December 26, 2012 motion to vacate and dismiss (docket #140) is DENIED.  In the event that Defendant might elect to appeal from this ruling, the Court finds that a certificate of

---

[2]To be sure, the courts in the above-cited cases recognized that the defendant taxpayers could appeal to § 6020(b)(1) as giving rise to their good faith belief that they did not need to file tax returns, in light of their understanding that the IRS was obligated to prepare substitute returns on their behalf.  *See Stafford,* 983 F.2d at 27 & n.9; *Powell,* 955 F.2d at 1213; *Tarrant,* 798 F. Supp. at 1302.  Analogously, Defendant perhaps could have argued to the jury in this case that the IRS seemingly must have concluded that his returns were not false, or that he had a good faith belief that his returns were not false, because the IRS otherwise would have exercised its authority under § 6020(b)(1) to create substitute returns.  No such argument was pursued at Defendant's trial, however, and a collateral attack under 28 U.S.C. § 2255 does not provide an opportunity for Defendant to revisit his trial strategy.

5

appealability should be DENIED as to each of the claims asserted in Defendant's motion (which the Court has construed as brought under 28 U.S.C. § 2255), for lack of a substantial showing of the denial of a constitutional right.

                              s/Gerald E. Rosen
                              Chief Judge, United States District Court

Dated: April 24, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 24, 2013, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5135